Douglas J. Pick
Eric C. Zabicki
**PICK & ZABICKI LLP**
Proposed Counsel to the Debtor
369 Lexington Avenue, 12th Floor
New York, New York 10017
(212) 695-6000

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 11
STEVEN ANCONA,                                          Case No. 14-

                            Debtor.
------------------------------------------------------------x

## AFFIDAVIT PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK    )
                                              )  ss.:
COUNTY OF NEW YORK  )

STEVEN ANCONA, being duly sworn, deposes and says:

1. I am the debtor and debtor-in-possession herein. I am familiar with the facts and circumstances as recited herein. This affidavit is submitted pursuant to Rule 1007-2 of the Local Rules of this Court.

2. I reside at 31 Bethune Street, New York, New York 10014. All of my personal assets are located at that address or in a storage facility that I use. I am presently self-employed in real estate investment enterprises.

3. On March 3, 2014 (the "Petition Date"), I filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court and an Order for Relief was entered. I remain in possession of my property and am continuing to manage my property and affairs as a debtor-in-possession. No trustee, custodian or receiver was appointed, and no committee of creditors was formed, prior to the Petition Date.

4. My chapter 11 filing was precipitated primarily by a judgment which is anticipated to be entered against me in an action entitled *Magen David of Union Square, The Sixteenth Street Synagogue, and 3 West Development, LLC v. 3 West 16th Street, LLC*, Index No. 600573/2008 (the "State Court Action"), pending before the Supreme Court of the State of New York, County of New York (the "Supreme Court"). Specifically, the plaintiffs in the Action were 3 West Development, LLC ("3 West Development"), Magen David of Union Square Synagogue and the Sixteenth Street Synagogue (both of the latter-referenced entities hereinafter referred to collectively as the "Synagogues" and, together with 3 West Development, the "Plaintiffs"). The defendant in the Action was 3 West 16th Street, LLC ("3 West 16th") whose principal, Jack Braha (a/k/a John Baker), had purchased the Building (hereinafter defined) from non-party National Council of Young Israel ("NCYI"). By way of the Action, the Plaintiffs had sought a determination concerning the ownership of a building located at 3 West 16th Street, New York, New York (the "Building"). 3 West 16th had counterclaimed seeking a declaration that the subject lease (discussed below) had terminated and for money damages.

5. By way of background, NCYI had owned the Building since 1945 and had provided space for the Sixteenth Street Synagogue, and subsequently for Magen David of Union Square Synagogue within the Building. In or around 1999, NCYI's attempts to sell the Building, tenant free, had resulted in protracted litigation after the Synagogues were asked to vacate the Building. In early 2005, I proposed that the two Synagogues settle the litigation with NCYI by raising funds to jointly purchase the Building through 3 West 16th, which I controlled. I further proposed that 3 West 16th would convert the Building into a condominium, renovate it, sell the top four floors as apartments to pay off any third-party financing, and donate the basement and the first and second floors of the Building, along with any profits, to the Synagogues.

2

6. Subsequently, I sought third-party financing of approximately $10 million concerning the conversion and renovation of the Building by issuing an offering to potential investors for the purchase of limited partnership interests in 3 West 16th. The offering specified that Flatiron Real Estate Advisors LLC would act as the managing member and project manager to convert the Building to condominium use and to renovate and sell the top four floors as luxury apartments, so that the basement and the first and second floors could be deeded to the Synagogues.

7. I eventually negotiated a deal with Mr. Braha who, in order to take advantage of Section 1031 of the Internal Revenue Code (*i.e.*, the "exchange" of properties for the purposes of deferring capital gains or losses ordinarily due upon sale), negotiated to acquire the Building outright using the sale proceeds from another building. To qualify for such an exchange, the entity that acquired the interest in the Building had to be owned and controlled by the taxpayer, Mr. Braha. Therefore, as principal and sole owner of 3 West 16th which held the purchase rights, I agreed that Mr. Braha could assume ownership and control of 3 West 16th in order to make the purchase. It was further agreed that, upon purchase, 3 West 16th would lease back the Building for development by 3 West Development, another entity owned and controlled by me.

8. On March 24, 2006, NCYI deeded the Building to 3 West 16th with Mr. Braha as its principal. On the same date, 3 West 16th, as landlord, entered into a 35-year lease with 3 West Development, as tenant (hereinafter referred to as the "Tenant"). On behalf of the Tenant, I simultaneously executed a guaranty and indemnity agreement by which I personally guaranteed the obligations of the Tenant under the lease.

9. Ultimately, multiple disputes arose with Mr. Braha and, as a result thereof, Mr. Braha (through 3 West 16th) asserted various breach of contract claims against the Tenant based

3

upon alleged failure to pay rent and alleged failure to complete certain pre-approved alterations to the Building. 3 West 16th further sought a declaratory judgment that the lease had been terminated by the Tenant's failure to pay rent and sought to recover possession of the Building by evicting the Tenant. 3 West 16th also commenced a third-party action against me under my guarantee of Tenant's obligations under the lease.

10. By order dated January 11, 2010, the Supreme Court granted 3 West 16th's motion for summary judgment with regard to the Action holding that 3 West 16th had a fee simple interest in the Building; that the Synagogues did not possess any equitable ownership interest in the Building; and that the Tenant's leasehold interest was legally terminated 30 days after service of a notice of termination dated May 8, 2008. The Supreme Court also granted summary judgment on 3 West 16th's third-party complaint against me. The Appellate Division recently affirmed the Supreme Court's decision. The cost of prosecuting/defending the Action and the appeal have been substantial over the years.

11. I filed for protection under the Bankruptcy Code so as to reorganize my financial affairs. I believe that, given a respite from the collection efforts now being pressed against me, I can successfully and expeditiously exit chapter 11.

12. Pursuant to LBR 1007-2 (a)(4), a list containing the names and addresses of what I believe to be my twenty largest unsecured creditors, excluding insiders, is simultaneously being filed with the Court.

13. Pursuant to LBR 1007-2 (a)(5), all of my secured creditors are listed in my Schedule D which is simultaneously being filed with the Court.

14. Pursuant to LBR 1007-2 (a)(6), an approximate summary of my assets and liabilities are set forth in my Schedules A, B, D, E, and F which are simultaneously being filed with the Court.

15. LBR 1007-2(a)(7) is not applicable as I am an individual and not a corporate entity.

16. Pursuant to LBR 1007-2(a)(8), there is no property of mine in the possession or custody of any public officer, receiver, trustee, pledgee, assignee of rents, liquidator, secured creditor, or agent of any such person.

17. LBR 1007-2(a)(9) is not applicable as I am an individual and not a business entity.

18. Pursuant to LBR 1007-2(a)(10), I am in possession of all of my assets and books and records.

19. Pursuant to LBR 1007-2(a)(11) all actions or proceeding that I am a party to are identified in my Statement of Financial Affairs which is simultaneously being filed with the Court.

20. LBR 1007-2(a)(12) is not applicable as I am an individual and not a corporate entity.

21. I anticipate that my net income during the thirty (30) day period following the commencement of the chapter 11 case will total approximately $12,500.00. My expenses and disbursements for the same period should also total approximately $12,260.00.

22. I believe that under the supervision of the Bankruptcy Court, I will be able to restructure my obligations and pay creditors substantially more than they would receive if I went through a forced liquidation.

_____
STEVEN ANCONA

Sworn to before me this
___ day of March, 2014

DOUGLAS J. PICK
Notary Public, State of New York
No. 02PI4738480
Qualified in New York County
Commission Expires Feb. 20, 2018

6