UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                                              Chapter 7

STEVEN J. ANCONA,                                       Case No.: 14-10532 (MKV)

               Debtor.
------------------------------------------------------------x

**ORDER, PURSUANT TO 11 U.S.C. § 105(a) AND RULES 2002 AND 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE, AUTHORIZING AND APPROVING STIPULATION OF SETTLEMENT**

Upon the motion ("Motion") of Marianne T. O'Toole ("Trustee"), Chapter 7 Trustee of the estate of Steven J. Ancona [ECF No. 507] ("Debtor"), pursuant to 11 U.S.C. § 105(a) and Rules 2002 and 9019 of the Federal Rules of Bankruptcy Procedure, seeking the Court's authorization and approval of the stipulation of settlement among the Trustee, Lauren Ancona, Jack Ancona, Arlene Ancona, Robert Ancona, Sari Ancona, 31 Bethune Street LLC, 20 Warren Street LLC, 264 West 22nd Units LLC, Flatiron Williamsburg Managers, LLC, Ancona 66N3 Owner LLC, 66N3 Owner LLC, 290 Pratt Street LLC, Flatiron Mortgage Group III, LLC, Flatiron Williamsburg Property Group LLC, Flatiron Real Estate Advisors, LLC, the Debtor, 3 West 16th Street, LLC, Jack Braha, and Wachtel Missry LLP ("Stipulation of Settlement") [ECF No. 507-2]; and upon the Affidavit of Service of the Motion and notice thereof [ECF Nos. 509 and 510]; and upon the Limited and Conditional Objection of 3 West 16th Street, LLC and Jack Braha to the Motion ("Limited and Conditional Objection") [ECF No. 511]; and upon the Debtor's Response to the Limited and Conditional Objection to the Settlement Stipulation [ECF No. 512]; and upon the Affirmation in Response to the Debtor's Response to the Limited and Conditional Objection to the Settlement Stipulation [ECF No. 514]; and upon the hearing held before the Court on August 21, 2019 at 10:00 a.m. ("Hearing"), the transcript of which is incorporated herein by reference; and the Court having found that the settlement embodied in the Stipulation of Settlement is fair,

equitable, and clearly in the best interests of the estate; and no additional notice being necessary or required, now, for the reasons stated by the Court at the Hearing, it is hereby

ORDERED that the Limited and Conditional Objection is hereby overruled; and, it is further

ORDERED that the Stipulation of Settlement annexed hereto as Exhibit A is hereby approved; and, it is further

ORDERED that the Trustee is authorized and empowered to expend such funds and execute and deliver any and all documents as are reasonably necessary to implement the terms of this Order and the Stipulation of Settlement.

Dated: August 29, 2019
       New York, New York

                                          *s/ Mary Kay Vyskocil*
                                        Honorable Mary Kay Vyskocil
                                        United States Bankruptcy Judge

# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
In re:                                                                    Chapter 7

STEVEN J. ANCONA,                                              Case No.: 14-10532 (MKV)

                Debtor.
----------------------------------------------------------------x

**STIPULATION OF SETTLEMENT**

Marianne T. O'Toole, as Chapter 7 Trustee ("Trustee") of the estate of Steven J. Ancona ("Debtor"), Lauren Ancona ("Lauren"), Jack Ancona ("Jack"), Arlene Ancona ("Arlene"), Robert Ancona ("Robert"), Sari Ancona ("Sari"), 31 Bethune Street LLC ("31 Bethune"), 20 Warren Street LLC ("20 Warren"), 264 West 22nd Units LLC ("264 West"), Flatiron Williamsburg Managers, LLC ("FWM"), Ancona 66N3 Owner LLC ("Ancona 66N3"), 66N3 Owner LLC ("66N3 Owner"), 290 Pratt Street LLC ("290 Pratt"), Flatiron Mortgage Group III, LLC ("FMG III"), Flatiron Williamsburg Property Group LLC ("FWPG"), and Flatiron Real Estate Advisors, LLC ("FREA", together with Lauren, Jack, Arlene, Robert, Sari, 31 Bethune, 20 Warren, 264 West, FWM, Ancona 66N3, 66N3 Owner, 290 Pratt, FMG III, and FWPG, the "Non-Debtor Parties"), the Debtor, 3 West 16th Street, LLC ("3 West"), Jack Braha ("Braha") (the Trustee, Debtor, Non-Debtor Parties, 3 West and Braha are collectively referred to herein as "Parties" with each a "Party"), and Wachtel Missry LLP, individually and/or through their undersigned counsel, hereby stipulate and agree as follows:

**A.**     **The Bankruptcy Filing, Conversion and Appointment of the Trustee**

WHEREAS, on March 5, 2014 ("Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York ("Bankruptcy Court");

1

WHEREAS, on or about April 29, 2014, a proof of claim was filed against the Debtor's estate on behalf of 3 West, which claim was amended on or about July 10, 2015 ("Claim 7");

WHEREAS, the Debtor objected to Claim 7 and, prior to the appointment of the Trustee, there was substantial litigation between the Debtor and 3 West over Claim 7;

WHEREAS, by Order dated November 3, 2016 [Dkt. No. 269], the Bankruptcy Court directed the appointment of a Chapter 11 Trustee and, by Notice of Appointment of Chapter 11 Trustee dated November 7, 2016 [Dkt. No. 272], Marianne T. O'Toole was appointed as the Chapter 11 Trustee of the Debtor's estate;

WHEREAS, by application dated November 27, 2017, Wachtel Missry LLP sought interim compensation and reimbursement of expenses from the Debtor's estate ("Wachtel Fee Application") [Dkt. No. 386];

WHEREAS, the United States Trustee, the Chapter 11 Trustee and 3 West objected to the Wachtel Fee Application;

WHEREAS, on December 21, 2017, the Court conducted a hearing on, inter alia, the Wachtel Fee Application and approved it, in part, subject to a full reservation of rights by all parties [see Dkt. No. 429];

WHEREAS, by Order dated December 22, 2017 [Dkt. No. 398], the Bankruptcy Court converted the Debtor's case to one under Chapter 7 of the Bankruptcy Code;

WHEREAS, by Notice of Appointment of Chapter 7 Trustee dated December 22, 2017 [Dkt. No. 399], Marianne T. O'Toole was appointed as the Chapter 7 Trustee of the Debtor's estate;

**A. The Removed Actions**

WHEREAS, by Order dated November 22, 2017 ("Lift Stay Order") [Dkt. No. 385], the Bankruptcy Court granted 3 West relief from the automatic stay to, inter alia, permit the prosecution

and removal of the action titled *3 West 16th Street, LLC v. Steven Ancona, et al.*, Index No. 153301/2013, which was pending in the Supreme Court of the State of New York, County of New York ("31 Bethune and 20 Warren Action");

WHEREAS, on January 11, 2018, the 31 Bethune and 20 Warren Action was removed to the Bankruptcy Court (Adv. Case No. 18-01001);

WHEREAS, pursuant to the Lift Stay Order, the Bankruptcy Court also granted 3 West relief from the automatic stay to permit the commencement, removal and prosecution of a new action against, inter alia, FREA ("FREA Action");

WHEREAS, on or about November 30, 2017, 3 West commenced the FREA Action in the Supreme Court of the State of New York, County of New York;

WHEREAS, on January 18, 2018, the FREA Action was removed to the Bankruptcy Court (Adv. Case No. 18-01007) (together the 31 Bethune and 20 Warren Action and the FREA Action are the "Removed Actions");

**B. The Initial Settlement Among the Trustee, the Non-Debtor Parties and the Debtor**

WHEREAS, the Trustee, the Non-Debtor Parties and the Debtor engaged in arm's-length negotiations and entered into a certain Stipulation of Settlement, which included, among other things, the Debtor's agreement to remit the sum of four million dollars ($4,000,000) ("Initial Stipulation");

WHEREAS, by motion dated August 22, 2018, the Trustee moved for the entry of an Order approving the Initial Stipulation ("Initial 9019 Motion");

WHEREAS, an objection to the Initial 9019 Motion was filed on behalf of 3 West;

WHEREAS, by motions dated August 22, 2018, the Trustee moved for the entry of Orders substituting the Trustee as party plaintiff for 3 West in the Removed Actions ("Substitution

3

Motions");

WHEREAS, objections to the Substitution Motions were filed on behalf of 3 West;

WHEREAS, a contested hearing on the Initial 9019 Motion and the Substitution Motions was conducted on September 18, 2018;

WHEREAS, the Bankruptcy Court overruled 3 West's objections to the Initial 9019 Motion and the Substitution Motions;

WHEREAS, by Order dated September 20, 2018, the Bankruptcy Court approved the relief requested in the Initial 9019 Motion ("Initial 9019 Order");

WHEREAS, 3 West timely filed a notice of appeal of the Initial 9019 Order ("9019 Appeal");

WHEREAS, by Orders dated September 20, 2018, the Bankruptcy Court approved the relief requested in the Substitution Motions ("Substitution Orders");

WHEREAS, 3 West timely filed notices of appeal of the Substitution Orders ("Substitution Appeals" and, together with the 9019 Appeal, the "Appeals");

WHEREAS, the Appeals were perfected by 3 West;

WHEREAS, pursuant to Orders of the United States District Court for the Southern District of New York, the deadline for 3 West to file its opening brief in each of the Appeals was extended *sine die*;

WHEREAS, other than Claim 7 and the claims asserted by insiders (*i.e.*, Claim 9, Claim 11, and Claim 12, which have been or will be released and forever discharged in accordance with the Initial Stipulation), the only remaining general unsecured claims asserted against the Debtor, as of the date of this Stipulation per the Claims Register maintained by the Clerk of Court, total approximately $37,994.64 and consist of the following: (1) Claim 1, asserted by Toyota Motor Credit Corporation, for $3,175; (2) Claim 2, asserted by American Express Bank, FSB, for $10.49; (3)

4

Claim 4, asserted by American Express Bank, FSB, for $1,204.90; and (4) Claim 5, asserted by American Express Centurion, for $33,604.25;

### C. The 523/727 Action

WHEREAS, on October 18, 2018, an action was commenced on behalf of 3 West against the Debtor seeking a judgment determining that certain debt owed to 3 West by the Debtor is non-dischargeable under section 523 of the Bankruptcy Code and denying the Debtor a discharge under section 727 of the Bankruptcy Code ("523/727 Action");

WHEREAS, on November 20, 2018, an answer was filed on behalf of the Debtor to the complaint filed in the 523/727 Action;

### D. The Global Settlement

WHEREAS, on November 14, 2018, a status conference was conducted in the Bankruptcy Court;

WHEREAS, pursuant to an Order dated November 20, 2018, the Bankruptcy Court, inter alia, stayed discovery in the 523/727 Action until further order and directed all parties in interest in this case to participate in an in-person settlement conference on or before December 14, 2018;

WHEREAS, on December 11, 2018, the Trustee and her counsel, the Debtor and his counsel, 3 West and its counsel, Braha, Robert Ancona, as authorized representative for the Non-Debtor Parties, and counsel to the Non-Debtor Parties participated in an in-person settlement conference;

WHEREAS, thereafter, the Trustee, the Debtor, 3 West and the Non-Debtor Parties, through their respective counsel, engaged in continued settlement discussions and have now determined to resolve all disputes concerning the Appeals, the 523/727 Action, the Wachtel Fee Application, and the Debtor's case pursuant to the terms and conditions set forth herein.

5

**NOW THEREFORE**, for good and valuable consideration, it is hereby stipulated, consented and agreed to by and among the Parties as follows:

## SETTLEMENT

1. Upon execution of this Stipulation, the Debtor will simultaneously remit the sum of five hundred and eighty-two thousand dollars ($582,000.00) ("Settlement Sum") to "Marianne T. O'Toole as Trustee" and deliver the Settlement Sum to Marianne T. O'Toole, as Trustee, 22 Valley Road, Katonah, New York 10536.

2. The Settlement Sum will be deposited in a segregated estate account maintained by the Trustee pending the entry of an Order approving this Stipulation.

3. Upon execution of this Stipulation and receipt of the Settlement Sum, the Trustee shall promptly seek Court approval of the Stipulation and, inter alia, a finding that the Order approving this Stipulation is effective upon entry.

4. Upon execution of this Stipulation, the Debtor shall deliver to Trustee's undersigned counsel an original, executed apology letter in the form previously agreed to by the Parties at the in-person settlement conference conducted on December 11, 2018 ("Apology Letter"), which Apology Letter shall be held in escrow by Trustee's undersigned counsel. Upon the Order approving this Stipulation becoming final and non-appealable, Trustee's undersigned counsel shall release from escrow and deliver the Apology Letter to Braha (care of McLaughlin & Stern, LLP).

## MUTUAL RELEASES

5. Upon the Order approving this Stipulation becoming final and non-appealable, the Parties shall be deemed to have, and shall have, released and forever discharged each other Party and their respective professionals from any and all claims and causes of action, of whatever kind, nature, character and description, whether in law or equity, whether in tort, contract or under other

applicable law, whether known or unknown, whether liquidated or unliquidated, whether contingent or fixed, and whether anticipated or unanticipated, which the Parties have, had, may ever had, or may ever claim to have, against each other party arising on or before the date the Parties each sign this Stipulation. Notwithstanding the foregoing releases, Claim 7 shall be deemed an allowed general unsecured claim against the Debtor's estate in the amount of $12,500,000.

**STIPULATIONS DISCONTINUING ACTIONS AND APPEALS**

6. Upon the Order approving this Stipulation becoming final and non-appealable: (a) 3 West shall cause each of the Appeals to be dismissed, with prejudice; (b) 3 West and the Debtor shall execute and file a stipulation discontinuing the 523/727 Action, with prejudice; (c) the Trustee shall effectuate the cancellation of the notices of pendency filed in connection with the 31 Bethune and 20 Warren Action in New York State Supreme Court; and (d) the Removed Actions shall be dismissed in accordance with the Initial Stipulation.

**ADDITIONAL PROVISIONS**

7. <u>Non-Disparagement</u>. The Non-Debtor Parties, the Debtor, 3 West and Braha agree that: (a) the Non-Debtor Parties and the Debtor shall not say or do anything, directly or indirectly, orally or in writing, that may disparage 3 West or Braha; and (b) 3 West and Braha shall not say or do anything, directly or indirectly, orally or in writing, that may disparage the Non-Debtor Parties or the Debtor. For the avoidance of any doubt, 3 West or Braha's use or dissemination of the Apology Letter in any way will not constitute or give rise to a breach of this Non-Disparagement provision or a breach of this Stipulation.

8. Wachtel Missry LLP shall not seek payment from the Debtor's estate on account of the Wachtel Fee Application (or any other basis), <u>provided</u> <u>that:</u> (a) the Parties waive any and all objections to Wachtel Missry LLP being paid from the funds previously provided by Robert Ancona

7

and being held in escrow by Wachtel Missry LLP; and (b) Robert Ancona shall not make any claim against the Debtor's estate for subrogation with respect to any amounts paid from such funds to Wachtel Missry LLP; and (c) all proceeds held by Wachtel Missry LLP in escrow shall be released to Robert Ancona.

9. Trustee's counsel, LaMonica Herbst & Maniscalco, LLP, agrees to voluntarily reduce its final compensation request by the sum of $20,000, and 3 West and Braha agree not to object to any compensation application filed by LaMonica Herbst & Maniscalco, LLP. For the avoidance of any doubt, LaMonica Herbst & Maniscalco, LLP has not agreed to cap the total compensation and reimbursement of expenses that the firm will seek in connection with its representation of the Trustee.

10. Upon the Order approving this Stipulation becoming final and non-appealable, the Trustee shall use reasonable efforts to close the Debtor's estate as quickly as possible.

11. <u>Entire Agreement</u>. This Stipulation sets forth all of the terms, conditions and agreements between the Parties hereto with respect to the subject matter hereof, and there are no agreements, promises, representations or warranties made or given in connection with any of the foregoing or concerning the subject matter hereof that are not contained herein. This Stipulation is not intended in any way to modify or amend the Initial Stipulation.

12. <u>Multiple Counterparts and E-Mail/Facsimile Signatures</u>. This Stipulation may be signed in multiple counterparts, and when each Party has signed a counterpart hereof, each such counterpart shall be a binding and enforceable agreement as an original. In addition, this Stipulation may be executed by e-mail or facsimile, and such e-mail or facsimile signatures will be deemed to be as valid as an original signature whether or not confirmed by delivering the original signatures in person, by courier or by mail.

13.     <u>No Third-Party Beneficiaries</u>. Nothing in this Stipulation, express or implied, in intended, or shall be construed to confer upon, or to give to, any person or entity other than the Parties any right, remedy or claim under or by reason of this Stipulation or any condition or stipulation thereof, and the stipulations and agreements contained in this Stipulation are and shall be for the sole and exclusive benefit of the Parties.

14.     In the event the Bankruptcy Court declines to approve this Stipulation: (a) the Stipulation shall become null, void and of no further force or effect; (b) nothing contained herein shall be deemed an admission by the Parties; and (c) the Trustee will, within 5 business days, return the Settlement Sum to the Debtor or Non Debtors, but only to the extent that such person or entity paid the Settlement Sum, by check drawn on the Trustee's account for this estate.

15.     This Stipulation shall be binding upon the Parties and their respective heirs, executors, successors, administrators and assigns.

16.     This Stipulation may not be amended or modified other than in writing executed by the Parties.

17.     The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of this Stipulation.

Dated: July 18, 2019
    Wantagh, New York    **LaMONICA HERBST & MANISCALCO, LLP**
        *Counsel to Marianne T. O'Toole, as Trustee*

    By:    <u>*s/ Salvatore LaMonica*</u>
        Salvatore LaMonica, Esq.
        Holly R. Holecek, Esq.
        3305 Jerusalem Avenue
        Wantagh, New York 11793
        Telephone: (516) 826-6500

9

Dated: July 10, 2019
    New York, New York    **McLAUGHLIN & STERN, LLP**
*Counsel to 3 West 16th Street, LLC*

By:    *s/ Chester D. Ostrowski*
Matthew D. Sobolewski, Esq.
Chester R. Ostrowski, Esq.
260 Madison Avenue
New York, New York 10016
Telephone: (212) 488-110

Dated: July 1st, 2019
    New York, New York

*s/ Jack Braha*
Jack Braha, Individually and as Authorized Representative of 3 West 16th Street, LLC

Dated: July 8, 2019
    New York, New York    **PICK & ZABICKI LLP**
*Counsel to the Debtor*

By:    *s/ Douglas J. Pick*
Douglas J. Pick, Esq.
369 Lexington Avenue, 12th Floor
New York, New York 10017
Telephone: (212) 695-6000

Dated: July 29, 2019
    New York, New York    **KATZ MELINGER PLLC**
*Counsel to Jack Ancona, Arlene Ancona, Robert Ancona, Sari Ancona, Flatiron Real Estate Advisors, LLC, 31 Bethune Street, LLC and 20 Warren Street, LLC, 264 West 22nd Units LLC, Ancona 66N3 Owner LLC, 66N3 Owner LLC, 290 Pratt Street LLC, Flatiron Mortgage Group III, LLC, Flatiron Williamsburg Managers LLC, and Flatiron Williamsburg Property Group LLC*

By:    *s/ Kenneth J. Katz*
Kenneth J. Katz, Esq.
280 Madison Avenue, Suite 600
New York, New York 10016
Telephone: (212) 460-0047

| | | |
|---|---|---|
| Dated: July 9, 2019<br>New York, New York | | **STARR & STARR, PLLC**<br>*Counsel to Lauren Ancona* |
| | By: | *s/ Stephen Z. Starr*<br>Stephen Z. Starr, Esq.<br>260 Madison Avenue, 17th Floor<br>New York, New York 10016<br>Telephone: (212) 867-8165 |
| Dated: July 5, 2019<br>New York, New York | | **WACHTEL MISSRY LLP** |
| | By: | *s/ Howard Kleinhendler*<br>Howard Kleinhendler, Esq.<br>885 2nd Avenue<br>New York, New York 10017<br>Telephone: (212) 909-9500 |

Dated: July 3, 2019
    New York, New York

                                        *s/ Steven J. Ancona*
                                        Steven J. Ancona, individually and as Member of Flatiron
                                        Real Estate Advisors, LLC, 31 Bethune Street, LLC, 20
                                        Warren Street, LLC, and 264 West 22nd Units LLC

Dated: July 3, 2019
    New York, New York        *s/ Jack Ancona*
                                        Jack Ancona, individually and as Member of Flatiron Real
                                        Estate Advisors, LLC, 31 Bethune Street, LLC and 20
                                        Warren Street, LLC and 264 West 22nd Units LLC

Dated: July 3, 2019
    New York, New York        *s/ Arlene Ancona*
                                        Arlene Ancona

Dated: July 3, 2019
    New York, New York        *s/ Robert Ancona*
                                        Robert Ancona

Dated: July 4, 2019
    New York, New York        *s/ Lauren Ancona*
                                        Lauren Ancona

Dated: July 3, 2019
    New York, New York        *s/ Sari Ancona*
                                        Sari Ancona